UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SIDNEY BALLOM                                    CIVIL ACTION

VERSUS                                           NO: 14-231

UNITED STATES OF AMERICA, et al.                 SECTION: R(4)

**ORDER AND REASONS**

Defendant the United States of America moves on behalf of itself and defendant Calvin Robiskie to dismiss plaintiff's claims for lack of subject matter jurisdiction.[1] For the following reasons, the Court GRANTS the United States' motion.

**I.  Background**

Plaintiff Sidney Ballom alleges that on January 30, 2013, a United States Postal Service (USPS) van driven by Robiskie struck a streetcar on which plaintiff was a passenger.[2] He further alleges that at all pertinent times, Robiskie was acting within the course and scope of his employment with USPS.[3]

Ballom filed a claim with USPS on January 8, 2014 regarding the collision.[4] Three weeks later, on January 30, 2014, he filed this tort claim against the United States and Robiskie for

---

[1] R. Doc. 8.

[2] *See* R. Doc. 1 at 2.

[3] *See id.* at 1.

[4] *See* R. Doc. 8-1 at 4; R. Doc. 8-2 at ¶ 3.

damages arising from the same event.[5] The United States moves to dismiss Ballom's complaint for lack of subject matter jurisdiction on the grounds that (1) Ballom failed to exhaust his administrative remedies before filing suit and (2) Robiskie is not a proper defendant under the Federal Tort Claims Act, 28 U.S.C. § 1346.[6] Ballom has submitted no opposition to the United States' motion.

**II. Standard**

Federal Rule of Civil Procedure 12(b)(1) permits dismissal for lack of jurisdiction over the subject matter of a claim. In ruling on a Rule 12(b)(1) motion to dismiss, the Court may rely on (1) the complaint alone, presuming the allegations to be true, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts and by the court's resolution of disputed facts. *Den Norske Stats Oljeselskap As v. HeereMac Vof,* 241 F.3d 420, 424 (5th Cir. 2001); *see also Barrera-Montenegro v. United States,* 74 F.3d 657, 659 (5th Cir. 1996). The party asserting jurisdiction bears the burden of establishing that the district court possesses jurisdiction. *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001).

---

[5] R. Doc. 1

[6] R. Doc. 8.

**III. Discussion**

A plaintiff may sue the United States only if the United States has consented to suit in the circumstances. *See Young v. U.S.*, 727 F.3d 444, 446-447 (5th Cir. 2013). The Federal Tort Claims Act (FTCA) permits tort actions against the United States but requires that before filing suit, a plaintiff must (1) present his tort claim to the appropriate federal agency and (2) receive a final denial of his tort claim from the agency in writing. 28 U.S.C. §§ 1346(b), 2675(a); *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 646 F.3d 185, 189 (5th Cir. 2011). A claimant may also consider a claim denied if the appropriate agency fails to make a final disposition of the claim within six months. 28 U.S.C. § 2675(a). If the agency denies the claim, the plaintiff then has six months to file a lawsuit. 28 U.S.C. § 2401; *FEMA Trailer*, 646 F.3d at 185. This exhaustion requirement is a jurisdictional prerequisite to suit. *Hinojosa v. U.S. Bureau of Prisons*, 506 Fed. App'x 280, 282 (5th Cir. 2013).

Here, the record indicates that Ballom did not receive a final denial from USPS or wait six months before filing a tort claim against the United States. Rather, he waited less than a month before filing his tort claim in district court.[7] USPS had not denied his claim at that time.[8] Ballom therefore failed to

---

[7] *See* R. Doc. 8-2 at ¶¶ 3-4.

[8] *See id.* at ¶ 5.

follow the exhaustion requirements of the FTCA. Accordingly, his claims against the United States must be dismissed. *See id.*

Next, Robiskie is not a proper defendant under the FTCA. The remedies provided by the FTCA are the exclusive remedies for any claim arising from the tort of a federal employee committed in the scope of his or her employment. *See* 28 U.S.C. § 2679(b)(1). Other civil proceedings against federal employees are expressly precluded. *Id.* Thus, "[i]t is beyond dispute that the United States, and not the responsible . . . employee, is the proper party defendant in a Federal Tort Claims Act suit." *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988). "[A]n FTCA claim against a federal . . . employee as opposed to the United States itself must be dismissed for want of jurisdiction." *Id.* Robiskie was acting within the course and scope of his employment as a letter carrier with USPS at the time of the conduct alleged in Ballom's complaint.[9] Because Robiskie is not a proper defendant under the FTCA, Ballom's claims against Robiskie must be dismissed.

---

[9] *See id*. R. Doc. 1 at 1; R. Doc. 8-2 at ¶ 4; R. Doc. 8-3.

**IV. Conclusion**

For the foregoing reasons, the United States' motion to dismiss is GRANTED. Ballom's claims against the United States and Calvin Robiskie are DISMISSED.

New Orleans, Louisiana, this __25th__ day of __September__, 2014.

_____Sarah Vance_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE